Filed 12/10/13  P. v Reyna CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H039703 |
| Plaintiff and Respondent, | (Monterey County Super. Ct. No. SS121779) |
| v. | |
| JOSEPH ANTHONY REYNA, | |
| Defendant and Appellant. | |

Defendant Joseph Anthony Reyna pleaded no contest to one count of second-degree robbery (Pen. Code, §§ 211, 212.5)[1] arising from an unsuccessful attempt to steal liquor from a market.  The trial court denied probation and sentenced defendant to three years in state prison.

Defendant timely appealed and we appointed counsel to represent him in this court.  By letter dated September 10, 2013, this court notified defendant that his appellate counsel filed a brief that states the case and facts but raises no issue and informed defendant of his right to submit argument on his own behalf.  Defendant did not respond to that letter.  For the reasons stated here, we will affirm the judgment.

## I.  STANDARD OF REVIEW

We review the entire record to determine if there are any arguable appellate issues.  (*People v. Wende* (1979) 25 Cal.3d 436, 440-441.)  In reviewing the record, we must include "a brief description of the facts and procedural history of the case, the crimes of

---

[1]  Unspecified statutory references are to the Penal Code.

which the defendant was convicted, and the punishment imposed." (*People v. Kelly* (2006) 40 Cal.4th 106, 123-124.)

## II. TRIAL COURT PROCEEDINGS

At defendant's preliminary hearing, the court heard testimony from Sidney Brown, a security guard for the Nob Hill Foods market in Salinas, and Salinas Police Officer David Crabill, Jr.

Brown testified that defendant came into the store in the evening of September 9, 2012. Brown had previously seen defendant in the store "standing, or just walking around and just leaving, with no items being bought." Defendant picked up at least two bottles of liquor and walked toward the exit, where Brown was standing. When Brown attempted to stop defendant, defendant struck Brown in the head with two liquor bottles "[h]ard enough to break both bottles." Brown then "grabbed [defendant] and slammed him on the ground," and defendant was arrested. Two days after the incident, Brown was diagnosed with a mild concussion.

At the police station, Officer Crabill advised defendant of his rights under *Miranda v. Arizona* (1966) 384 U.S. 436, and defendant agreed to talk with the officer. Defendant told Officer Crabill he planned to take alcohol from the market without paying.

After the preliminary hearing, the People filed an information charging defendant with: second-degree robbery (§§ 211, 212.5), a serious and violent felony (§§ 1192.7, subd. (c)(19), 667.5, subd. (c)(9)); felony commercial burglary (§ 459); misdemeanor assault with a deadly weapon (§ 245, subd. (a)(1)); misdemeanor possession of alcohol by a minor (Bus. & Prof. Code, § 25662, subd. (a)); (5) and infraction possession of less than an ounce of marijuana (Health & Saf. Code, § 11357, subd. (b)). The information also alleged two prior prison terms (§ 667.5, subd. (b)) applicable to each felony count.

In January 2013, defendant pled no contest to second-degree burglary and admitted to having served one prior prison term. In exchange for the plea, the People

agreed to dismiss the remaining charges and limit defendant's sentence to a maximum of three years in prison.

At the first sentencing hearing in April 2013, the trial court ordered defendant to undergo a section 1203.03 diagnostic evaluation, continued the hearing, and remanded defendant to the custody of the sheriff for transfer to North Kern State Prison. The warden and a clinical psychologist at North Kern State Prison separately evaluated defendant and submitted reports to the court. Both reports recommended incarceration rather than probation for defendant, noting that defendant's prior probation dispositions did not successfully deter defendant's criminal behavior.

After receiving the section 1203.03 reports, in May 2013 the court heard arguments from counsel, denied probation, and sentenced defendant to three years in prison. In denying probation, the court pointed to the violent and impulsive nature of the robbery and explained that defendant's history of committing crimes while on probation indicated that "jail has not worked" as a deterrent. The court also ordered defendant to pay: a $280 restitution fine (§ 1202.4, subd. (b)(1)); $45 in victim restitution to Nob Hill Foods; a $10 crime prevention fee (§ 1202.5, subd. (a)); a $40 court operations assessment (§ 1465.8, subd. (a)(1)); and a $30 court facilities assessment (Gov. Code, § 70373, subd. (a)(1)). Finally, the court gave defendant 51 days of custody credit (consisting of 45 actual days plus six days of conduct credit, calculated pursuant to section 2933.1).

We have reviewed the entire record and have found no arguable issue.

### III.    DISPOSITION

The judgment is affirmed.

_____

Grover, J.

**WE CONCUR:**


_____

Manoukian, Acting P.J.


_____

Márquez, J.